57 CCPA

**Application of Karl H. SANDMEYER, William A. Miller and Leroy M. Swanson.**

**Patent Appeal No. 8282.**

United States Court of Customs and Patent Appeals.

May 21, 1970.

————◆————

William H. Webb, Russell D. Orkin, Pittsburgh, Pa., for appellants; Spencer B. Michael, Washington, D. C., of counsel.

Joseph Schimmel, Washington, D. C., for Commissioner of Patents; Fred W. Sherling, Washington, D. C., of counsel.

Before RICH, Acting Chief Judge, ALMOND, BALDWIN and LANE, Judges, and FORD, Judge, United States Customs Court, sitting by designation.

LANE, Judge.

This appeal is from the decision of the Patent Office Board of Appeals [1] which affirmed the rejection of claims 1 through 6, all the claims in appellants' patent application serial No. 347,395, filed February 26, 1964, for "High Alpha-Alumina Fused Cast Refractories." We affirm the board's decision.

Claims 1 and 4 are illustrative of the claims on appeal.

1. A fused cast refractory article consisting essentially of alpha-alumina and containing a small amount up to 1½ percent of an alkali oxide, and less than 1 percent of silica, said article having a preselected, definite size and shape.

4. A fused cast refractory article consisting essentially of alpha-alumina and containing a small amount up to 1½ percent of lithium oxide, said article having a preselected, definite size and shape.

The other claims on appeal additionally recite a nonporous crystal structure, and density.

All the claims were rejected by the examiner as fully met by Comstock [2] or Marshall.[3] The board construed this rejection to be under 35 U.S.C. § 103 since the examiner's rejection stated that only mechanical skill would be required to form the molten alumina into any desired shape. The board in its decision added a new rejection under Rule 196(b), stating that claims 1, 2 and 3 were met by Comstock under 35 U.S.C. § 102. Upon subsequent consideration of arguments and affidavits filed by the applicant, the

---

1. Consisting of Magil and Behrens, Examiners-in-Chief, and Rebold, Acting Examiner-in-Chief, opinion by Rebold.

2. U.S. Patent 2,618,567, issued November 18, 1952.

3. U.S. Patent 3,141,747, issued July 21, 1964, filed August 24, 1961.

examiner withdrew this new 35 U.S.C. § 102 rejection.

The Comstock patent discloses a fused alumina containing 0.06% silica, 0.07% ferric oxide, 0.01% sodium oxide, with trace amounts of other materials. Comstock also teaches the formation of a hot-pressed molded product of great density and low porosity. The Marshall patent discloses an abrasive material consisting of fused alumina, 0.1–0.5% of lithium oxide, and 1.23–1.50% of silica.

Appellants' claim 1 defines a fused cast refractory article of preselected size and shape and consisting essentially of alpha-alumina and containing up to 1½ percent of an alkali oxide and less than 1 percent of silica. The Comstock articles of granular alumina are described therein as electrically fused and Comstock mentions a hot high-pressure molding technique utilizing graphite molds to produce ingots. The claims on appeal do not specify any particular size or shape distinguishable from the ingots molded by Comstock. Marshall discloses alumina abrasive materials prepared by adding ingredients to an arc furnace wherein the ingredients are heated to the fusing point and rendered molten. After cooling, the Marshall refractory article is crushed to produce materials for surface grinding operations. Both Comstock and Marshall disclose refractory articles consisting essentially of alumina containing small percentages of an alkali oxide and silica. Consideration of the ingots produced by Comstock in hot high-pressure molding, or by Marshall in an arc furnace rendering the materials molten, supports the conclusion that it would have been obvious to form fused cast refractory articles of any desired size and shape from the disclosed ingredients. Claim 2 adds to claim 1 that the article has a dense nonporous crystal structure, and claim 3 recites that it has a compact crystal structure having a density of at least 3.5 (presumably grams per cubic centimeter). Marshall discloses that alpha alumina has a density of 3.99 grams per cubic centimeter. Claims 4, 5 and 6 limit the alkali oxide specifically to lithium oxide. The aluminous abrasives disclosed by Marshall are stated to contain from 0.1 to 0.5 percent added lithia (lithium oxide).

Appellants contend that there is a difference between "fused" and "fused cast" and that the Comstock product is not fused cast. Comstock discloses hot molding of mixtures including fused low-soda alumina at temperatures of at least 1650° C. to produce strong and dense molded pieces. We are not convinced that it would not have been obvious to one skilled in the art of forming refractory articles to make such articles in a preselected shape and size by casting, by molding or by pressure molding. We find nothing in the record to convince us that the board erred in affirming the rejection of claims 1, 2 and 3 as obvious over Comstock and unpatentable under 35 U.S.C. § 103.

Appellants assert finally that Comstock and Marshall contain no teaching of fused cast refractory articles usable as a lining for glass tanks and the like. The claims on appeal are directed only to a fused cast refractory article of a preselected, definite size and shape. Appellants' application discloses melting of the raw batch composition with an electric arc. Marshall teaches adding the mixtures to a large arc furnace in which the ingredients are rendered molten. The size and shape of the article are a matter of selection within the ability of one having ordinary skill in the art. The selection of size and shape for a desired use is not considered to be a problem in this particular case wherein appellants have disclosed no specific sizes and shapes.

We conclude that the board's determination that claims 1 through 6 are unpatentable under 35 U.S.C. § 103 over Comstock and Marshall is correct and must be affirmed.

There is pending before us a motion by appellants to remand this case to the primary examiner. The basis for the motion is the contention that the board applied for the first time a rejection un-

der 35 U.S.C. § 103 and failed to denominate this a new ground of rejection. Appellants say they believed the examiner's rejections to be under § 102 only, and that they never had an opportunity to argue § 103 issues before the examiner and to submit evidence addressed to such issues. We find no merit in these contentions. First of all, appellants submitted, prior to final rejection, an amendment stating that "neither reference has such a teaching as to make *obvious* the production of articles corresponding to these claims." (Emphasis ours.) Second, in their petition to revive the instant application, which apparently had been held abandoned at one point in the proceedings below, appellants prayed for relief "to get a further review of this application either at the Board of Appeals level or before the Court of Customs and Patent Appeals," *not* to go back to the primary examiner. Finally, we find that all issues relevant to the disposition of this case have been fully developed before us. Accordingly, appellants' motion for remand is denied.

The decision of the board is affirmed, and appellants' motion to remand is denied.

Affirmed; motion denied.